**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbert Knauss, ) | No. CV 06-0952-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Bank of America; Joseph Trias; Bank of ) | |
| America Privacy Source; T. Darcey; ) | |
| Progressive Management Systems; Joe ) | |
| Reyes and Chad Rdouunan ) | |
| ) | |
| Defendants. ) | |

Currently before the Court is Plaintiff Herbert Knauss' ("Plaintiff") Motion to add Balogh Becker Ltd., Jason A. Lannone, and Stephanie A. Johnson (Dkt.#9) and Plaintiff's Motion to Amend to add Count V (Dkt.#11). After reviewing the pleadings the Court issues the following Order.

**I.     Background**

On April 4, 2006, Plaintiff filed the instant suit against the above captioned Defendants asserting four counts arising out of the Fair Debt Collections Practices Act, 15 U.S.C. 1692 *et seq*. (Dkt.#1). On April 7, 2006, Defendant Bank of America was served with process and on May 9, 2006, Bank of America filed its Motion to dismiss. (Dkt.#8). On May 10, 2006, Plaintiff filed his instant Motion to add Defendants Balogh Becker Ltd., Jason


1  A. Lannone and Stephanie A. Johnson (Dkt.#9) and on May 16, 2006, Plaintiff filed his
2  Motion to Amend to add Count V, which is a Fourth Amendment violation claim. (Dkt.#11).

3  **II.     Analysis**

4  Plaintiff has moved this Court for permission to amend his original Complaint.
5  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure a party has a right to amend
6  the complaint "once as a matter of course at any time before a responsive pleading is served."
7  Moreover, a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a).
8  Breier v. N. Cal. Bowling Proprietors' Assn', 316 F.2d 787, 789 (9th Cir. 1963). Thus, given
9  that Bank of America, the only Defendant served with process, has filed a motion to dismiss
10 rather than a responsive pleading, Plaintiff is entitled to amend his complaint once as a matter
11 of course. See Id. (holding that "[n]either the filing nor granting of a [motion to dismiss]
12 before answer terminates the right to amend ... and a motion for leave to amend (though
13 unnecessary) must be granted if filed.").

14 However, Plaintiff's means of amending the original Complaint is procedurally
15 improper. Specifically, Rule 15.1 of the Local Rules of Civil Procedure for the District of
16 Arizona requires that any amended complaint demonstrate the ways in which it differs from
17 the pleading in which it amends, by bracketing through the text to be deleted and underlying
18 the text to be added. Here; however, Plaintiff appears to have attached only that portion of
19 his proposed amended complaint that would supplement or add to the original Complaint.
20 Such a means for amending is procedurally improper.  Plaintiff should take note that an
21 amended complaint supersedes entirely the original complaint. Ferdik v. Bonzelet, 963 F.2d
22 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546
23 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik,
24 963 F.2d at 1262. Thus, claims alleged in an original complaint which are not alleged in an
25 amended complaint are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). As such,
26 the Court will not accept Plaintiff's attempt to amend his original Complaint by simply
27 adding Balogh Becker Ltd., Jason A. Lannone and Stephanie A. Johnson as Defendants as
28 well as simply adding Count V to Plaintiff's original Complaint. Thus, if Plaintiff intends

1  to assert a claim against these new parties and/or assert a new claim, Plaintiff is required to
2  set forth such claims in one amended complaint encompassing all of his claims rather than
3  merely providing supplements to his original Complaint.  Thus, until Plaintiff files a proper
4  amended complaint, the Court will review only Plaintiff's original Complaint filed on April
5  4, 2006. (Dkt.#1).

6  **Accordingly,**

7  **IT IS HEREBY ORDERED** granting in part and denying in part Plaintiff's Motion
8  to add Balogh Becker Ltd., Jason A. Lannone, and Stephanie A. Johnson (Dkt.#9) and
9  Plaintiff's Motion to Amend to add Count V (Dkt.#11).  Plaintiff's Motions are granted in
10 part in that the Court confirms that Plaintiff can amend his Complaint once as a matter of
11 course before any responsive pleading is filed.  Plaintiff's Motions to amend are denied in
12 part in that Plaintiff has improperly attempted to add Balogh Becker Ltd., Jason A. Lannore
13 and Stephanie Johnson and to assert Count V.  As such, currently only Plaintiff's original
14 Complaint is viable.

15 **IT IS FURTHER ORDERED** that as a result of Plaintiff's flawed attempt to add
16 Count V to his original Complaint, the Court will deny without prejudice Defendant Bank
17 of America's Motion to Dismiss Plaintiff's Proposed Count V with permission to refile should
18 the Plaintiff properly amend his Complaint to assert this claim again.  (Dkt.#14).

19 DATED this 11th day of September, 2006.

_____
Mary H. Murguia
United States District Judge